**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 |
|---|---|---|---|
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Lisa Gonzalez | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Hillary Palazzolo | Kevin Finnerty |

**Proceedings:**   PETITIONER'S MOTION TO COMPEL APPOINTMENT OF AN ARBITRATOR (Dkt. 1, filed August 17, 2018); RESPONDENT'S CROSS MOTION TO COMPEL ARBITRATION (Dkt.30, filed October 29, 2018); RESPONDENT'S MOTION TO STAY PENDING ARBITRATION OF RELATED PROCEEDINGS (Dkt. 29, filed October 29, 2018).

## I.   INTRODUCTION

On August 17, 2018, petitioner Employers Insurance Company of Wausau ("Wausau") filed a petition to compel an appointment of an arbitrator pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. (dkt. 1). On October 22, 2018, respondent The Hartford ("Hartford") filed its opposition to Wausau's petition, dkt. 27, and Wausau filed its reply on November 12, 2018, dkt. 31. On October 29, 2018, Hartford filed a cross motion to compel arbitration, dkt. 30, and a motion to stay pending arbitration of related proceedings, dkt. 29. Hartford's cross motion to compel arbitration requests this Court order Wausau to select a single arbitrator and to proceed with umpire selection in order to form a single arbitration panel, dkt. 30. Wausau filed an opposition on November 12, 2018, dkt. 32, and Hartford filed two separate replies on November 19, 2018, dkts. 33, 34. The Court held a hearing on December 3, 2018. Having carefully considered the parties' arguments, the Court rules as follows.

## II.   BACKGROUND

Wausau and Hartford entered into two reinsurance contracts captioned the "First Casualty Excess Reinsurance Contract" effective from January 1, 1982 to December 31, 1983, referred to as "Treaty 2718." Dkt. 1 at ¶ 9; Dkt. 30 at ¶ 9. In 2016, Hartford

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 |
|---|---|---|---|
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | |

billed Wausau under nineteen reinsurance treaties, which Hartford and its affiliates First State Insurance Company ("First State"), Twin City Fire Insurance Company ("Twin City") and New England Reinsurance Corporation ("New England Reinsurance") purchased from Wausau. Dkt. 30 at ¶ 37. Wausau denies that it owes Hartford and its affiliates any reimbursement under the nineteen reinsurance treaties. Id.

On May 25, 2018, Hartford, First State, Twin City and New England Reinsurance collectively demanded arbitration against Wausau based on Wausau's refusal to reimburse amounts owed under the treaties. The nineteen reinsurance contracts arise out of eight reinsurance programs.[1] In its demand letter, Hartford requested that Wausau name one arbitrator in order to form a single panel for a consolidated arbitration. See Dkt. 27-1, Declaration of Kevin J. Finnerty ("Finnerty Decl."), Exh. 10.

On June 22, 2018, Wausau responded to Hartford's arbitration demand by proposing that the parties agree to three arbitrations as opposed to insisting on a separate arbitration for each of the nineteen reinsurance programs. Finnerty Decl., Exh. 11. In the letter, Wausau appointed Joseph Pingatore ("Pingatore") as its party arbitrator for an arbitration with Hartford/Twin City; Spiro Bantis as its party arbitrator for an arbitration with First State; and William Hauserman as its party arbitrator for an arbitration with New England Reinsurance. Id.

On June 28, 2018, Hartford replied to Wausau's proposal by again asking for a single consolidated arbitration proceeding, rather than three proceedings because "Wausau's proposal would split the arbitration among three proceedings by Hartford

---

[1] The eight reinsurance programs at issue in this case include: (1) Treaty 2718 entered into between Wausau and Hartford/Twin City concerning two reinsurance contracts; (2) Treaty 2736 entered into between Wausau and Hartford/Twin City concerning one reinsurance contract; (3) Treaty 1462 entered into between Wausau and First State concerning nine reinsurance contracts; (4) Treaty 2711 entered into between Wausau and First State concerning one reinsurance contract; (5) Treaty 2886 entered into between Wausau and First State concerning one reinsurance contract; (6) Treaty 2729 entered into between Wausau and New England Reinsurance concerning three reinsurance contracts; (7) Treaty 2993 entered into between Wausau and New England Reinsurance concerning one reinsurance contract; and (8) Treaty 3160 entered into between Wausau and New England Reinsurance concerning one reinsurance contract. See Finnerty Decl., Exh. 1-9.

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 |
|----------|------------------------|------|------------------|
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | |

entity, which is unnecessary as Hartford is amenable to a single arbitration involving several Hartford entities." Finnerty Decl., Exh. 12. Hartford also requested Wausau select a single party arbitrator out of the three it named in the June 22nd letter. Id. On July 20, 2018, Hartford named Mark Wigmore ("Wigmore") as its party arbitrator for a single consolidated arbitration and "[t]o the extent that other arbitrations, beyond this single Arbitration, become necessary to resolve this matter," Hartford named Mr. Wigmore as its party-appointed arbitrator for such other arbitrations. Id., Exh. 13.

Thereafter, Wausau's three arbitrators requested that Wigmore select umpires for three separate arbitrations. In response, on August 6, 2018, Hartford requested again that the parties agree upon a methodology for the selection of a single panel to decide how the matter should be consolidated. Dkt. 27-3 at 16-17. On August 17, 2018, Wausau rejected Hartford's request to submit the question of consolidation to a single panel. Dkt. 23-3 at 19, 22, 25. Wausau contends that because Hartford's demand involves multiple different contracts, each with their own arbitration and other applicable provisions, a single consolidated arbitration is not warranted.

On the same day, Wausau filed four petitions to compel arbitration, one in this Court, two in the Suffolk Division of the Massachusetts Superior Court; and one in the Hartford Division of the Connecticut Superior Court. As stated above, the petition before the Court concerns only Treaty 2718.[2] Treaty 2718's arbitration clause provides:

---

[2] Wausau filed four separate petitions pursuant to the forum selection clause agreed to in each treaty. Accordingly, Wausau filed a petition against Hartford/Twin City arising out of Treaty 2736 concerning one reinsurance contract in Connecticut Superior Court. Treaty 2736's arbitration clause provides that the parties must arbitrate in Hartford, Connecticut, unless some other place is mutually agreed upon. Wausau filed a separate petition against First State arising out of Treaty 1462, Treaty 2711 and Treaty 2886 concerning eleven reinsurance contracts in Massachusetts Superior Court. Each of the treaties entered into between Wausau and First State provide that arbitration shall take place in Boston, Massachusetts. Lastly, Wausau filed a petition against New England Reinsurance arising out of Treaty 2729, Treaty 2993 and Treaty 3160 concerning five reinsurance contracts in Massachusetts Superior Court. Each of the treaties entered into between Wausau and New England Reinsurance also provide that arbitration shall take place in Boston, Massachusetts.

**CIVIL MINUTES – GENERAL**    **'O'**    **JS-6**

| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 |
|---|---|---|---|
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | |

> As a condition precedent to any right of action hereunder, any dispute arising out of this contract shall be submitted to the decision of a board of arbitration composed of two arbitrators and an umpire, meeting in Los Angeles, California unless otherwise agreed [...] The members of the board of arbitration shall be active or retired disinterested officers of insurance or reinsurance companies or underwriters at Lloyd's London other than the parties to this contract or their affiliates. Each party shall appoint its arbitrator, and the two arbitrators shall choose an umpire before instituting the hearing. If the respondent fails to appoint its arbitrator within four weeks after being requested to do so by the claimant, the latter shall also appoint the second arbitrator. If the two arbitrators fail to agree upon the appointment of an umpire within four weeks after their nominations, each of them shall name three, of whom the others shall decline two and the decision shall be made by drawing lots.

Dkt. 27-2 at 3.

Each treaty at issue requires a three-arbitrator panel. However, the umpire selection process and certain procedures vary under the treaties arbitration clauses. In its petition, Wausau seeks an order from the Court directing Hartford to proceed with the umpire selection process pursuant to the express language in Treaty 2718. Dkt. 1. In its cross-motion to compel arbitration, Hartford requests that the Court direct Wausau to select one arbitrator and participate in a single panel arbitration in order to adjudicate the parties' dispute regarding whether arbitration should proceed in a consolidated fashion. Dkt. 30. Presently, there are no arbitration panels in place to consider disputes between Wausau and Hartford or between Wausau and Hartford's affiliates.

## III.    LEGAL STANDARD

"An agreement to arbitrate is a matter of contract: 'it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration.' " Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943 (1995)). As with any other contract dispute, the Court must first look to the express terms of the contract. Id.

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising ...

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 |
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | |

shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is a matter to be determined by the court whether the FAA applies to a certain agreement; "[a]s a threshold matter, the FAA applies if, among other things, the contract requires dispute resolution 'by arbitration.'" Judge William W. Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial, § 16:63.1 (The Rutter Group 2002) (citing Portland Gen. Elec. Co. v. United States Bank Trust Nat'l Ass'n as Tr. for Trust No. 1, 218 F.3d 1085, 1089 (9th Cir. 2000)).

Any party to an arbitration agreement covered by the FAA who is "aggrieved by the alleged ... refusal of another to arbitrate" may petition a federal district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

Under the FAA, the court, not the arbitrator, must decide whether a particular dispute is arbitrable. 9 U.S.C. § 4; AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986) (holding that the arbitrator is without power to determine arbitrability absent "clear[ ] and unmistakabl[e]" language in the arbitration agreement conferring such power). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp., 207 F.3d at 1130. "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Id. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985); Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 720 (9th Cir. 1999) (noting that where an arbitration agreement has been signed by the parties with respect to the issues in dispute, "[s]uch agreements are to be rigorously enforced").

## IV. DISCUSSION

### A. Wausau and Hartford's Cross Motions to Compel Arbitration

Hartford requests that this Court order Wausau to appoint a single arbitrator and proceed to select a single umpire, in accordance with Hartford's arbitration demand, to allow a single panel of arbitrators to decide whether a consolidated proceeding is appropriate. Conversely, Wausau seeks an order compelling the parties to proceed to appoint umpires in accordance with Treaty 2718's arbitration clause. All nineteen

| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
|---|---|---|---|---|
| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 | |
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | | |

reinsurance contracts are silent on whether consolidation is permissible. The parties do not dispute that Hartford's claims are subject to arbitration pursuant to the valid arbitration clauses in each of the reinsurance contracts.

Hartford is correct that the issue of whether it can consolidate its disputes with Wausau into a single arbitration is a question for the arbitrators, not this Court, to decide. In Certain Underwriters at Lloyds v. Cravens Dargan & Co, the Ninth Circuit held in an unpublished opinion that whether to conduct consolidated arbitration was a procedural matter for the arbitrator to decide. 197 Fed. App'x 645, 646 (9th Cir. 2006). A majority of sister circuits similarly have held that consolidation is a procedural matter for the arbitrator, not the Court, to decide. See Shaw's Supermarkets, Inc. v. United Food & Commercial Workers Union, 321 F.3d 251, 252 (1st Cir. 2003) (holding that whether to conduct consolidated arbitration was a procedural matter for the arbitrator to decide); Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co., 489 F.3d 580, 582 (3d Cir. 2007) (same); Employers Ins. Co. of Wausau v. Century Indem. Co., 443 F.3d 573, 575 (7th Cir. 2006) (same); see also Dockser v. Schwartzberg, 433 F.3d 421, 428 (4th Cir. 2006) (holding whether arbitration would be conducted by a single arbitrator or a three-person panel was a procedural question for the arbitrator to decide).

Contrary to Hartford's suggestion, however, this determination does not resolve the matter in its favor. The parties remain at an impasse due to Hartford's insistence on a consolidated arbitration. Despite both parties appointing arbitrators, Hartford refuses to go forward with the umpire selection pursuant to the terms of the arbitration clause in Treaty 2718. Consequently, no umpire has been selected to form the requisite three-arbitrator panel. There is no one to whom the Court can refer the consolidation dispute for arbitration. As one district court explained, "[i]t would be nonsensical to package the parties' dispute and send it off addressed to 'arbitrator' when, in fact, there is no arbitrator to receive it." Employers Ins. Co. of Wausau v. Century Indem. Co., No. 05 C 263 S, 2005 WL 2100977, at *2 (W.D. Wis. July 19, 2005), aff'd, 443 F.3d 573 (7th Cir. 2006). Pursuant to § 4 of the FAA, this Court has the power to compel the parties to proceed to arbitration in accordance with the terms of their agreements. 9 U.S.C. § 4.

Hartford requests that the Court follow the language in its May 25th arbitration demand and order Wausau to appoint a single arbitrator to decide whether the eight reinsurance programs should be consolidated into a single arbitration. Conversely, Wausau requests the Court enforce the terms of the arbitration clause in Treaty 2718.

**CIVIL MINUTES – GENERAL**     **'O'   JS-6**

| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 |
|----------|------------------------|------|------------------|
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | |

As a preliminary matter, Hartford argues that a single consolidated arbitration is warranted because the companies collectively demanding the arbitration, namely Hartford, Twin City, First State and New England Reinsurance, are acting as a single party for the purpose of seeking reimbursement from Wausau for the same settlement payments paid to PPG Industries. From this proposition, Hartford suggests that a single arbitration panel must resolve the consolidation question.

A cursory review of the nineteen reinsurance contracts reveals Hartford's position to be without merit. The only agreements naming Hartford specifically are Treaty 2718 and Treaty 2736. Although First State and New England Reinsurance are Hartford affiliates, the agreements do not expressly identify Hartford as a party. Moreover, the treaties entered into by First State and New England Reinsurance require that the arbitration take place in Massachusetts, not Los Angeles. The FAA "leaves no place for the exercise of discretion by a district court." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985). Because the Court is limited to the terms of the agreements, the Court cannot compel Wausau to form a single arbitration panel based on the fact that the parties demanding arbitration are all Hartford affiliates. Similarly, the Court cannot compel arbitration in contravention of the jurisdictional limitations agreed to by the parties.

Hartford next argues that because the provisions for umpire selection are not necessarily inconsistent in each of the treaties, that the parties could form a single panel to decide the consolidation issue. However, this argument is without merit. The FAA requires the court to enforce the arbitration agreement in accordance with its terms. Chiron Corp., 207 F.3d at 1130. Given that the arbitration clauses in Wausau's agreements with Hartford are not identical to the arbitration clauses in Wausau's agreements with First State and New England Reinsurance, they constitute separate agreements. When there is a written agreement, the court may not expand it, even if it would achieve greater efficiency. Tracer Research Corp. v. Nat'l Envtl. Servs. Co., 42 F.3d 1292, 1294 (9th Cir. 1994). Therefore, the mere "possibility" that the parties could form a single panel is of no consequence.

Wausau correctly notes that Hartford's cross-motion to compel arbitration is a de facto request for the Court to fashion a new procedure in contravention of the terms of the agreements. As a preliminary matter, Hartford's motion requests that the Court order Wausau to select a single arbitrator, as opposed to the three Wausau has already

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 |
|----------|------------------------|------|------------------|
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | |

chosen, and to proceed with umpire selection in order to form a single arbitration panel in connection with Hartford's arbitration demand. This request ignores the well-settled law that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). Hartford's unilateral arbitration demand is indisputably not a valid contract as there is no mutual assent by the parties to proceed in a consolidated arbitration, evident by their communications prior to filing their petitions. Accordingly, the Court denies Hartford's request to order Wausau to select a single arbitrator and to proceed with umpire selection in order to form a single arbitration panel. Dkt. 30 at ¶ 49.

The Court finds that the operative arbitration agreement in this case is the arbitration clause found in Treaty 2718. The parties do not dispute that Treaty 2718 is a valid agreement and that the consolidation dispute falls within its terms. Thus, the FAA requires that the Court enforce the arbitration agreement in accordance with the terms in Treaty 2718. See Chiron Corp., 207 F.3d at 1130.

Having reserved the issue of consolidation for the arbitrators' later consideration, Treaty 2718 provides an unambiguous procedure for the creation of its own arbitration panel to resolve this and any other disputes that might later arise. Wausau and Hartford have agreed that "any dispute arising out of this contract" shall be submitted to three-arbitrator panel arbitration in Los Angeles, California. Treaty 2718 requires that each party shall appoint an arbitrator and that the two arbitrators shall choose an umpire before instituting the hearing. Here, Hartford appointed Wigmore and Wausau appointed Pigatore to be their party arbitrators. Treaty 2718 requires Wigmore and Pigatore to choose an umpire, and, in the event they fail to agree upon the appointment of an umpire, then "each shall name three, of whom the others shall decline two and the decision shall be made by drawing lots." Once Wigmore and Pigatore appoint an umpire, the proceedings can begin, and the empaneled arbitrators can consider Hartford's request to consolidate.[3]

---

[3] In the event either party "fail[s] to avail [itself] of [Treaty 2718's] method, or if for any other reason there [is] a lapse in the naming of … an umpire," then upon application of either Hartford or Wausau, the Court shall designate and appoint an umpire who shall act under Treaty 2718 with the same force and effect as if he or they had been specifically named therein. See 9 U.S.C. § 5.

| | CIVIL MINUTES – GENERAL 'O' JS-6 | | |
|---|---|---|---|
| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 |
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | |

Accordingly, the Court GRANTS Wausau's petition to compel appointment of an arbitrator and DENIES Hartford's cross-motion to compel arbitration.

### B. Hartford's Motion to Stay

In the alternative, Hartford requests this Court to order a temporary stay pursuant to Landis v. North American Company,[4] 299 U.S. 248 (1936) until the final adjudication of Wausau's two petitions in Massachusetts Superior Court: Employers Ins. Co. of Wausau v. First State Insurance Group, No. 1884-cv-2583, and Employers Ins. Co. of Wausau v. New England Reinsurance Group, No. 1884-cv-2582 ("Massachusetts Cases"). The Massachusetts Cases involve sixteen out of the nineteen reinsurance agreements at issue. Hartford argues that given the predominance of the Massachusetts Cases relative to the parties' consolidation dispute, that the Court should enter a stay of this action until the Massachusetts Cases are fully adjudicated.

Courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The power to stay ongoing proceedings extends to stays pending resolution of separate judicial proceedings, and does not require the issues in such proceedings to be determinative of the action before the court. Leyva v. Certified Grocers, 593 F.2d 857, 863-64 (9th Cir. 1979). In determining whether a stay is appropriate, the court must weigh various competing interests, including: (1) the possible damage which may result from granting the stay; (2) the hardship to the parties if the suit is allowed to proceed; and (3) the "orderly course of justice measured in terms of the

---

[4] The parties disagree on the proper standard to apply in this case. While Hartford cites Landis as the proper standard, Wausau argues Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) applies to a stay of federal proceedings pending the resolution of a state case. Courts vary on whether Landis or Colorado River applies for a stay in concurrent state and federal cases. The Court need not decide whether Landis or Colorado River applies because the Court finds in any event Hartford has not met its burden under Landis. See Abrahamson v. Berkley, No. 16-CV-0348, 2016 WL 8673060, at *19 (E.D. Cal. Sept. 2, 2016) (declining to address whether Colorado River or Landis applies when "the issue [was] not adequately briefed or raised by the parties" and the moving party failed to meet their burden under Landis).

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-07240-CAS-AGRx | Date | December 3, 2018 | |
| Title | EMPLOYERS INSURANCE COMPANY OF WAUSAU v. THE HARTFORD | | | |

simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Hartford "bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

Hartford has not shown that a Landis stay should be issued. Notably, Hartford's motion fails to address the first and second Landis factors. Moreover, Hartford does not adequately explain why the possibility of inconsistent results warrants a Landis stay. Accordingly, the Court DENIES Hartford's request to stay this case until the Massachusetts Cases are fully adjudicated.

## V. CONCLUSION

For the foregoing reasons, Wausau's petition to compel appointment of an arbitrator is **GRANTED**. Hartford's cross-motion to compel arbitration and motion to stay pending arbitration of related proceedings is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |